IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR RELEASE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Warren Phinney, | ) | Case No. 1:24-cr-112 |
| | ) | |
| Defendant. | ) | |

The court held a detention hearing for Defendant on July 18, 2024. (Doc. No. 23). Finding that the United States had met its evidentiary burdens in establishing that there were no conditions available that would reasonably assure Defendant's appearance at future proceedings, the court ordered Defendant detained pending trial. (Doc. No. 25).

On September 4, 2024, filed a Motion for Reconsideration of Order of Detention. (Doc. No. 32). Defendant has been diagnosed with stage IV Chronic Lymphocytic Leukemia ("CLL"). He advises that his treatment for CLL require him to report weekly to his physicians for, among other things, biopsies and PET scans. He asks the court to release him to the third-party custody of his sister, Randi Phinney, so that he can better access the extensive treatment that he requires on account of his condition.

The Pretrial Services Office has received confirmation from Randi Phinney will allow Defendant to reside will her at her home in Watford City and is agreeable to serving as Defendant's third-party custodian. The Pretrial Services Office was also advsied by Ms. Phinney that Defendant's oncologist is located in Sydney, Montana.

A detention hearing may be reopened "if the judicial officer finds that information exists that

was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Consequently, to reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he should remain detained

Defendant requires weekly medical treatment/visits, has provided a verifiable residence at which he can reside, and has a family member willing and able to serve as his third-party custodian. This information is new and has a material bearing on the issue of detention. The court further recognizes that Defendant has now endured a period of forced sobriety.  Given Defendant's present circumstance and his sister's willingness to take on the mantle of Defendant's third-party custodian, the court is persuaded that there are strict conditions it can impose that reason reasonably assure Defendant appearance at future proceedings.

Accordingly, the court **GRANTS** Defendant's motion (Doc. No. 32).  Defendant shall be released to the third-party custody of his sister, Randi Phinney, no earlier than 9:00 AM September 12, 2024.  Defendant's release shall be subject to the following conditions:

(1)     Defendant shall not violate federal, state, tribal, or local law while on release.

(2)     Defendant shall appear in court as required and surrender for any sentence imposed.

(3)     Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana,

and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6) Defendant shall not knowingly or intentionally have any direct or indirect contact with witnesses or co-defendants, except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(7) Defendant is placed in the third party custody of his sister, Randi Phinney, who agrees (1) to supervise Defendant in accordance with all conditions of release, (2) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (3) to notify the Pretrial Services Officer immediately in the event Defendant violates any conditions of release or disappears.

(8) Defendant shall reside at Randi Phinney's home in Watford City, North Dakota, and not change this residence without the prior permission of the Pretrial Services Officer.

(9) Defendant must participate in the following location restriction program and comply with its requirements as directed by the Pretrial Services Officer.

Home Detention: Defendant is restricted to his residence at all times except for

employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the Pretrial Services Officer.

Defendant must submit to the following location monitoring technology and comply with its requirements as directed: GPS.

(10) Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(11) Defendant shall not obtain a passport and other foreign travel document(s).

(12) Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Service Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(13) With 24 hours of his arrival at Randi Phinney's, Defendant shall contact Pretrial Services Officer Stephanie Cherney at (701) 530-2396.

IF Defendant cannot be transported as anticipated to his sister's residence on September 12, 2024, he shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2024.

/s/ *Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court